JOHN J. KADLIC
Reno City Attorney
**DONALD L. CHRISTENSEN**
Deputy City Attorney
Nevada State Bar **#1657**
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
*Attorney for Defendants City of Reno,*
*Peter Rinaldo and Robert*
*McDonald*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LAURA CONKLIN

Plaintiff,

vs.

CITY OF RENO, a municipal corporation, PETER RINALDO, an individual, ROBERT MCDONALD, an individual,

Defendants.

CASE NO.: 3:08-cv-00452-LRH-RAM

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants City of Reno, Peter Rinaldo and Robert McDonald hereby agree and stipulate to the entry of a Protective Order as follows:

1. Reason for the Order: The parties have requested or may request production of documentation that may include confidential information or highly personal private information, including but not limited to Internal Affairs files, photographs, employment records, personnel records, compelled statements, and possibly other documentation that the parties would object to production of as confidential and private documentation, or seek a protective order, if the documentation described herein was not protected by this stipulation and order. The purpose of this stipulation and order is to facilitate the discovery process. However, the mere existence of this protective order does not waive defendants' right to object to production and redact certain documentation or information. If any such objection is made and the parties are unable to agree,

1 the question of production or protection of the document or information shall be submitted to the
2 court for review and decision concerning production or protection.
3     2. Confidential Documentation and Information:
4         A. Parties may subject any documentation they have previously produced or
5 produce hereafter to the protections of this stipulation and order by:
6             1. Marking the document as "Confidential", or
7             2. By designating the document as Confidential, and subject to this
stipulation and order in writing, either by letter or in any pleading
or paper filed with the court. The documents subject to the claim
of confidentiality shall be identified either by clearly describing the
document or by referring to the document by its Bates-stamp
numbers, (e.g., COR-0000).
        B. Documents designated as set forth above shall hereafter be referred to as
the "confidential documentation". The term "confidential documentation" shall include
any information ("confidential information") obtained from the confidential
documentation, and this protective order prohibits the use or disclosure of such
confidential information to the same extent as the confidential documentation.
    3. General Prohibition:
Confidential documentation shall be used solely for the preparation, prosecution and
defense of the present case. Except as specified in § 4 below, access to the foregoing documents
and information shall be limited to the Court, its officers, counsel for the parties, the parties'
litigation representatives and principals, their staff members assisting in the preparation,
prosecution and defense of this case, and expert witnesses. Except as specified below, no person
with access to the foregoing information shall make any copies of any documents, photographs,
or information, nor shall any such person disclose the contents of any such documents or
information to any other person.
    4. Third Party Access: Counsel for any party may give access to the confidential
documents to independent experts and their staff, consulting firms, or other independent

contractors actually retained or employed to advise or assist such counsel and to whom it is necessary that the confidential documents be disclosed for purposes of this case, provided that:

    A. Before access to the confidential documents are given to any person pursuant to this paragraph, that person shall be informed by counsel proposing to give access of, and shall agree to be bound by, the following provisions:

        1. He or she shall not disclose the confidential documents or information to any person to whom this Stipulation and Protective Order does not provide access;

        2. He or she shall make no copies, compilations or summaries of the confidential documents and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulation and Protective Order;

        3. He or she shall return all copies, compilations or summaries of the confidential documents and information contained therein to the party who originally produced the information. He or she shall then erase and/or destroy all electronic copies, compilations, or summaries containing the confidential information.

    B. Before access to the confidential documents and information is given to any person by any party, or their or its counsel, the person shall execute and file with counsel proposing to give such access, a declaration that he or she has read this Stipulation and Protective Order, and that he or she agrees to be bound by its provisions.

    5. Amendment: This Stipulation and Protective Order shall prohibit disclosure to all persons other than those set forth herein. The parties may amend this Stipulation and Order upon mutual consent or upon application to the Court in which this action is pending. Subsequent parties to this litigation may be given documents subject to this Stipulation and Protective Order,

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-3-

1  provided they first file with the court a Stipulation to be bound by the terms of this Stipulation
2  and Protective Order
3     6.   Use of Confidential Documentation: Nothing in this Stipulation and Protective
4  Order shall prohibit counsel for the parties from using any of the confidential information and
5  documents in connection with any deposition, application, motion, hearing, or trial in this action,
6  provided that in the event that any confidential documentation is proposed to be used in
7  connection with any pleading to be filed or otherwise lodged with the Court or in any hearing,
8  the confidential documentation shall first be submitted to the Magistrate Judge assigned to this
9  case for an *in camera* review to determine whether the requirements for sealing documents
10 established in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), have
11 been met. Any party contending that any such confidential documentation should be sealed must
12 file any pleading requesting sealing within five judicial days after notification of the submission
13 of such confidential documentation to the Magistrate Judge. In the event any confidential
14 document or information is used in connection with a deposition, the deposition shall be
15 conducted outside the presence of any person not directly involved in litigation other than the
16 court reporter and persons agreed to between the parties. All portions of the deposition transcript
17 and exhibits relating to the confidential information and documents referenced herein shall be
18 designated, "**CONFIDENTIAL**."
19    7.   The parties agree and stipulate that the designation of any document or documents
20 as "confidential" pursuant to this Stipulated Protective Order may be challenged by any other
21 party to this lawsuit. A party disputing documents designated as "confidential" will give written
22 notice of the same within fourteen days of the receipt of the designation. The parties agree and
23 confirm that the burden of proof of confidentiality rests with the party designating the same. The
24 parties further agree that within ten days of notice of objection to designation as "confidential"
25 the objecting party will file an appropriate motion with the magistrate for the Court's
26 determination of appropriate designations. The failure to do so will act as a waiver of the
27 objections.
28    8.   Within thirty (30) days after any judgment is entered in this matter, resolution is
   reached, or the appeal process is concluded, whichever is later, all confidential information and

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-4-

1  documents received by either party including all notes, transcripts, tapes, other papers, and any
2  other medium containing, summarizing, excerpting, or otherwise embodying any confidential
3  information or documents as defined herein, or its contents so furnished, subject to future
4  revision by the court or parties hereto, shall be returned to the producing party, and all electronic
5  copies shall be erased and/or destroyed. This requirement does not include work product of legal
6  counsel, which shall be maintained in confidence.

    9.    Should any party who is not a party to this Stipulation and Protective Order seek access to the confidential information and documents referenced herein, by request, subpoena or otherwise, from any party to the Stipulation and Protective Order, that party shall: (a) promptly notify the party which produced the confidential information and documents of the request or subpoena; and shall (b) inform the requesting party of the existence of this protective order.

    10.    This Stipulation shall be effective upon signing and shall be made an order of this Court.

DATED this 13 day of ~~January~~ February, 2009.

By: _____
Jeffrey A. Dickerson Esq.
Law Office of Jeffrey Dickerson
9655 Gateway Drive, Suite B
Reno, NV 89511
*Attorney for Plaintiff*

DATED this 13 day of ~~January~~ February, 2009.

By: _____
DONALD L. CHRISTENSEN
Deputy City Attorney
P.O. Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendants*

## ORDER

The matter of this Stipulated Protective Order having come before this Court by stipulation of the parties and for good cause being shown therein:

IT IS SO ORDERED.
Dated this 17th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-5-